IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR W. JONES,

        Plaintiff,                    No. CIV S-00-2811 GEB KJM P

    vs.

LOU BLANAS, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a California civil detainee proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 under the authority of 28 U.S.C. § 636(b)(1).

        This matter was remanded by the Ninth Circuit Court of Appeals in 2005. Among other things, the Ninth Circuit directed that this court appoint counsel for plaintiff due to the "complexity and weightiness" of plaintiff's claims. Jones v. Blanas, 393 F.3d 918, 937 (9th Cir. 2004). Although this court lacks authority to require counsel to represent an indigent party in a § 1983 case, cf. Mallard v. United States Dist. Court, 490 U.S. 296 (1989), in certain exceptional circumstances, the court may request the voluntary assistance of counsel. 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

1    The court has requested the voluntary assistance of numerous counsel in an effort
2 to comply with the Ninth Circuit's direction. Specifically, the court has engaged in the following
3 recruitment efforts:
4    – Issuance of orders memorializing requests served on the UC Davis Civil Rights
5 Clinic and a designated representative of the Sacramento Chapter of the Federal Bar Association
6 (the FBA), and the making of requests to the President of the Constitutional Law and Civil
7 Rights Section of the Sacramento County Bar (County Bar Section), and certain individual
8 federal practitioners in the Sacramento area.  See Docket Nos. 84, 86.
9    – Personal contact with the UC Davis Civil Rights Clinic Coordinator to confirm
10 the Clinic's inability to accept appointment or locate other counsel to do so.  See Docket No. 85.
11    – Personal contact with representatives of the FBA requesting their assistance,
12 resulting in the FBA's distribution of an e-mail notice to all of its members requesting that an
13 attorney accept appointment.
14    – Personal contact with representatives of the County Bar Section, resulting in a
15 presentation to a regular meeting of its members during which this case was discussed and a
16 request for counsel issued.  After the presentation, in response to a request from the County Bar,
17 the undersigned also provided an article for publication in the Sacramento Lawyer on the issue of
18 appointment of counsel, in which this case was mentioned.
19    – Telephonic contact with the Commissioner for the Ninth Circuit, requesting
20 suggestions as to what more this court could do to comply with the Ninth Circuit's direction.
21    – Telephonic contact with two practitioners in the Northern District of California,
22 identified as leaders in the area of accepting appointment in § 1983 cases and finding others to
23 accept appointment.
24    – Sending of letters memorializing requests to nine law firms in the Northern
25 District requesting that they consider accepting appointment.  See Docket No. 94.
26 /////

– Telephonic contact with the Ninth Circuit's Pro Bono Coordinator, who notified her list of contacts of the need for counsel in this case.

Despite these extended efforts, the court has been unable to identify counsel to accept appointment. See, e.g., Docket Nos. 89, 90, 93, 95. Therefore, this court reluctantly concludes that it is not able to locate counsel available for appointment in this case. Because plaintiff will be prejudiced by further delays in the litigation of his claims, the undersigned will schedule his case so that it can now move forward in this court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The parties may conduct discovery until January 3, 2007. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

2. All pretrial motions, except motions to compel discovery, shall be filed on or before March 3, 2007.

3. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before May 3, 2007. Defendants shall file their pretrial statement on or before May 17, 2007. The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

4. Pretrial conference (as described in Local Rule 16-282) is set in this case for May 24, 2007 before the magistrate judge. The pretrial conference shall be conducted on the file only, without appearance by either party.

/////
/////
/////
/////
/////
/////

1       5. This matter is set for jury trial before the Honorable Garland E. Burrell, Jr. on August 6, 2007 at 10:00 a.m. in Courtroom 10.

DATED: August 29, 2006.

                                                           _____
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] jone2811.res