IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR W. JONES,

        Plaintiff,                      No. CIV S-00-2811 GEB KJM P

   vs.

LOU BLANAS, et al.,

        Defendants.              <u>ORDER</u>

        Plaintiff is a civil detainee proceeding through counsel in an action under 42 U.S.C. § 1983. The parties previously stipulated that the case should be referred to the court's Voluntary Dispute Resolution Program (VDRP), and the court ordered the referral on June 25, 2010. <u>See</u> Docket Nos. 199 and 201. Having conferred with the administrators of the VDRP and the court's Alternative Dispute Resolution (ADR) program, the court finds that the nature of this case necessitates referral to the ADR program, which has greater access to mediators with expertise in prisoners' and civil detainees' civil rights cases.

        This case will be referred to Joe Ramsey, to conduct a mediation on August 9, 2010, at 2:00 p.m. Both parties will be required to submit confidential settlement conference statements setting forth a brief description of the case, their respective positions as to the active claims/defenses, and a settlement demand/response. The settlement conference statements are not to exceed five pages in length, and are not to include exhibits or attachments.

1

Plaintiff will be required to appear by videoconference from his current place of detention. A separate order and writ of habeas corpus ad testificandum will issue forthwith.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is referred to the court's Alternative Dispute Resolution program.

2. This case is set for mediation on August 9, 2010, at 2:00 p.m. in Courtroom #1, at the U. S. District Court, 501 I Street, Sacramento, CA 95814.

3. Plaintiff shall personally attend, via videoconference.

4. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

5. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. Sanctions will include, but will not be limited to, the attorneys' fees and travel costs of the other parties and/or the travel costs of the mediator. In addition, the conference will not proceed and will be reset to another date.

/////
/////
/////
/////

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

6. The parties are directed to provide confidential settlement conference statements to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via email at spark@caed.uscourts.gov, so that they arrive no later than July 30, 2010.

DATED: July 7, 2010.

_____
U.S. MAGISTRATE JUDGE

4/jone2811.med.ord

3